**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SANDRA VICTOR, individually and on behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.** |
| | ) | |
| **ELA AREA PUBLIC LIBRARY DISTRICT, MATT WOMACK, an individual and MEGAN CREEL, an individual,** | ) ) ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

NOW COMES Plaintiff, Sandra Victor, individually and on behalf of all others similarly situated, by and through her attorneys, Peter M. Katsaros and Laura A. Balson of Golan Christie Taglia LLP, and hereby complains against Defendants, ELA Area Public Library District ("ELA"), Matt Womack and Megan Creel, as follows:

**NATURE OF THE CASE**

1.      Sandra Victor served as an Information Desk Assistant and then the Popular Materials Department Supervisor at ELA.

2.      During her employment, Victor routinely performed off the clock work for which she was not compensated.

3.      ELA has a policy and practice of automatically deducting 30 minutes from all non-exempt employees' pay for a meal break.

4.      During her employment, Victor, and other similarly situated employees, routinely performed work during her 30 minute meal breaks and were not compensated for such work.

5.      Victor brings the above-captioned litigation to enforce her rights under the Fair

Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") based on ELA's failure to pay her for all time worked.

## PARTIES

6.     Plaintiff, Sandra Victor, worked for the ELA Area Public Library District; at all relevant times, Victor worked in and resided in this judicial district.

7.     Upon information and belief, Defendant, ELA Area Public Library District, established in 1973, is conducted as a Library District in accordance with the Illinois Public Library District Act of 1991 for the use and benefit of its residents. ELA's address is 275 Mohawk Trail, Lake Zurich, IL 60047.

8.     Defendant, Matt Womack, was, at all relevant times, the Executive Director of the ELA Area Public Library District. Womack lives and works in this judicial district.

9.     Defendant, Megan Creel, was, at all relevant times, the Human Resources Manager of the ELA Area Public Library District. Creel lives and works in this judicial district.

10.     During Victor's employment at ELA, Womack and Creel were each responsible for employee compensation decisions, including compliance with the FLSA.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all of the acts and omissions giving rise to this action occurred in the Northern District of Illinois. 28 U.S.C. § 1391(b).

13.     Venue is also proper in the Northern District of Illinois, Eastern Division because Defendants do business and have employees located within this judicial district.

## FACTUAL ALLEGATIONS

14.     In January 2009, ELA hired Victor as a part-time Information Desk Assistant.

15.     Victor was classified by ELA as a non-exempt employee.

16.     Throughout Victor's employment, she used a time card system to reflect the start and stop times of her work day at the library.

17.     Throughout her employment, Victor also performed work outside of the library, including responding to texts, emails and phone calls from home.

18.     Victor was never told to report the time she spent working at home.

19.     Victor's supervisors were aware of the time Victor spent working at home, but they never made a note in the ELA time card system to reflect the additional hours.

20.     Throughout Victor's employment, ELA had a policy of automatically deducting 30 minutes from Victor's work day whenever she worked more than 7 hours in a day.

21.     Victor was rarely permitted to take a 30 minute lunch break and spent most meal periods working while she ate or skipping the meal period altogether to cover the Information Desk.

22.     Victor's supervisors were aware that she was not fully relieved of her job duties during the 30 minute meal period, but they never made a note or correction in the ELA time card system to reflect that the 30 minute automatic deduction was improper.

23.     In 2013, Victor increased her schedule at ELA to add more shifts.

24.     Victor received a 3% wage increase in 2013.

25.     Victor's work remained excellent in 2014. She received a 6% wage increase.

26.     In 2016, Victor was promoted to Popular Materials Supervisor and received a 9.05% wage increase.

27.     With the promotion, Victor increased her schedule to full-time.

28.     On or around April 17, 2017, Victor received another outstanding evaluation and a wage increase of 3.5%.

29.     ELA summarized Victor's performance for 2017 by stating, "Sandra is a key support for her managers and goes above and beyond to support the needs of the department. She has a good work ethic and practical mindset that leads to positive implementations in Popular Materials."

30.     During this time, the Popular Materials Department was also understaffed because the new Assistant Department Head, Becca Boland, was on maternity leave.

31.     Victor was asked to take on more responsibility during Boland's absence.

32.     Around this time, Victor's supervisor, Christen Wiser, asked Victor to take over scheduling, which is the most difficult part of the Department Head's job.

33.     Victor would create the schedule, suggest substitute people when needed, email the potential substitutes and give Wiser the proposed schedule for final approval.

34.     Once the schedule was approved and circulated to the staff, staff members would email, call or text Victor and Wiser to request changes. Victor would determine if the change could be made and make a recommendation to Wiser, who would approve or reject the request.

35.     Victor took on the additional responsibility, smoothly navigated the period of transition and received an outstanding evaluation on April 13, 2017.

36.     Victor continued to cover the schedule when Boland returned from maternity leave.

37.     Victor requested, in light of her new responsibilities, that her job description be rewritten and that she be considered for a higher pay scale. On or around Thursday, April 27,

4

2017, Creel called Victor into the HR office to review the wage increase.

38.     A few days later, on Monday, May 1, 2017, Victor was on her first of a three (3) day vacation. At 7:20 a.m. in the morning, she received a text from a staff member who was home sick. The staff member had already messaged Wiser, but had not received a response.

39.     Victor felt uncomfortable ignoring a staff member's message, but wanted to follow Wiser and Creel's instructions, so she deferred to Wiser and responded "No problem Lisa. [Wiser] will respond, I'll text her too. Get better. Let me know if you hear form her."

40.     More than an hour later, Victor received a response from Wiser. Victor observed the instructions from the April 28, 2017 meeting, and let Wiser handle the schedule when she was on vacation.

41.     On Saturday, May 6, 2017, Victor worked a shift with Wiser. Victor stated she would begin working on the June schedule, which was the routine procedure for the past five (5) months.

42.     Not wanting the schedules to be delayed another week, especially for a summer month involving multiple requests for vacation and time off, Victor emailed Wiser and began working on the schedule.

43.     Wiser asked to review the completed schedules. Like every schedule for the past five (5) months, Victor emailed the schedule to Wiser for review and approval.

44.     On Thursday, May 11, 2017, Victor emailed Wiser to ask for approval for the substitute workers. Victor hoped to send the schedules via email on Sunday, even though she was not scheduled to work on Sunday.

45.     On May 18, 2017, Victor's employment was terminated.

**COUNT I**
**Violation of the FLSA**
**29 U.S.C. §201, *et seq.***

46.     Victor incorporates Paragraphs 1 through 45 as though fully stated herein.

47.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by Victor who has been damaged by Defendants' failure to comply with 29 U.S. C. § 201 *et seq*. and 29 U.S.C. § 251 *et seq*.

48.     At all relevant times, Victor was an "employee" subject to the FLSA, and Defendants were "employers" subject to the FLSA.

49.     Defendants were obligated under 29 U.S.C. § 203(g) to pay Victor for all hours "suffered or permitted to work", which includes all time spent by Victor that was primarily for the benefit of the employer or the employer's business.

50.     Defendants' failure to pay Victor for time spent working at home is a violation of the FLSA.

51.     Defendants' policy of automatically deducting 30 minutes for a meal period each day, even when Victor was not relieved of her duties for a full 30 minutes, is also a violation of the FLSA.

52.     Defendants' violations were willful since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

53.     Victor is entitled to damages equal to all unpaid overtime plus an additional amount as liquidated damages equal to the amount of her unpaid wages.

54.     Additionally, pursuant to the FLSA, Victor is entitled to have her reasonable attorneys' fees and other costs paid by Defendants.

**WHEREFORE**, Plaintiff, Sandra Victor, respectfully requests that this Court, certify this case as a collective action pursuant to 29 U.S.C. § 216(b) and, after a jury trial, enter judgment in her favor and against Defendants, ELA Area Public Library District, Matt Womack and Megan Creel, individually, for damages in the amount of: (i) all unpaid wages earned during her employment by Defendants; (ii) an additional amount as liquidated damages equal to the amount described in (i); (iii) her attorneys' fees and costs in bringing this action; and (iv) award such other further relief as this Court deems just and proper under the circumstances.

Dated: September 28, 2018

Respectfully submitted,

SANDRA VICTOR,
Plaintiff,

By  /s/ *Peter M. Katsaros*
      One of Her Attorneys

Peter M. Katsaros, Esq. (ARDC# 3122661)
Laura A. Balson, Esq. (ARDC# 6291377)
GOLAN CHRISTIE TAGLIA LLP
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312) 263-2300
pmkatsaros@gct.law
labalson@gct.law

7